No. 21,965.

G. W. GATES and T. S. BRECKENRIDGE, Partners, etc., *Appellees*, v. THE LITTLE FAY OIL COMPANY and J. E. CROSBIE, *Appellants*, and THE INDEPENDENT TORPEDO COMPANY, *Appellee*.

OPINION DENYING MOTION FOR REHEARING.

SYLLABUS BY THE COURT.

1. OIL WELL—*Price of Drilling—Negligence for the Jury* The evidence held to require an issue of negligence to be submitted to the jury.

2. APPEAL—*Certain Questions Not Decided.* The situation is held not to require an assignment of error made by the appellants to be passed upon at the instance of an appellee.

Appeal from Allen district court; OSCAR FOUST, judge.

Opinion denying a rehearing filed July 5, 1919. (For original opinion of reversal see *ante*, p. 46, 181 Pac. 570.)

*F. J. Oyler,* of Iola, and *F. B. Dillard,* of Tulsa, Okla., for the appellants.

*H. A. Ewing, G. R. Gard, S. A. Gard, Baxter D. McClain, Altes H. Campbell,* all of Iola, and *G. C. Spillers,* of Tulsa, Okla., for the appellees.

The opinion of the court was delivered by

MASON, J.: The plaintiffs sued the defendants for their services in drilling an oil well. The defendants answered, claiming damages on account of negligence of the plaintiffs in causing a wire to be dropped into the well, rendering it useless. The case was tried upon the charges of the defendants against the plaintiffs, and also against the Independent Torpedo Company, which had been made a party on the defendants' appli-

cation. Demurrers to the evidence of the defendants were sustained, but on appeal a reversal was ordered.

1. The Independent Torpedo Company has filed a motion for a rehearing, one ground of which is that this court did not pass specifically upon the question whether the evidence tended to establish the claim against it. As stated in the opinion, the defendants charged the torpedo company with negligence in respect to the manner in which it attempted to recover the wire after it had fallen into the well. A witness testified that the "shooter," who was in the employ of the torpedo company, conducted, or assisted in conducting, this operation; that over the protest of the witness he so managed it that the wire was broken and only the upper part could be recovered; and that the method was an improper one. This we regard as sufficient to take to the jury this feature of the case. It is not necessary to determine whether the evidence required any other basis of liability to be submitted.

2. One of the rulings complained of by the original defendants on their appeal was that the trial court erred in refusing to allow them to dismiss their action as against the torpedo company. The application for such leave was apparently brought about by the questions raised by the demurrers to the evidence. This court thought that the reversal so changed the situation that the question whether the trial court should have allowed the dismissal need not be passed upon, and therefore no mention of the matter was made in the opinion. The torpedo company now urges that the question should be determined. We still think such action unnecessary, especially when the present request for it comes only from an appellee.

The motion for a rehearing is denied.